WM. GARROTT, ET AL. *v.* JOHN S. BUCKNER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—56.]

**Confession by Failing to Plead.**

Where a plaintiff fails to file a reply denying affirmative allegations in an answer, such allegations must be taken as true.

**Imposition of Taxes to Construct Railroads.**

The legislature has power to impose taxes upon the people of counties and precincts for the construction of railroads and turnpikes, upon their ratification at the polls.

APPEAL FROM OLDHAM CIRCUIT COURT.

May 24, 1883.

OPINION BY JUDGE LEWIS:

This is an action by appellants against certain qualified voters and taxpayers of the LaGrange and Westport voting precincts in

Oldham county, claiming to have been duly elected and qualified as commissioners for said districts respectively in pursuance of an act of the General Assembly entitled "An act to authorize the people of Lagrange and Westport voting precinct, in Oldham county, to vote a tax for the purpose of building turnpike roads in said precincts," approved April 9, 1878, and of two acts amendatory, one approved May 5, 1880, and the other approved April 8, 1882.

It is alleged in the petition that two elections were held in each of said precincts under the original act, at which the voters thereof refused to ratify said act, and that under the amendment to said act approved May 5, 1880, an election was held in August, 1880, and in February, 1881, in each of said precincts and again the voters of said precincts refused to ratify said acts; but that, nevertheless, appellees, Buckner, Weich and Irwin, pretending and wrongfully and illegally assuming to have been elected commissioners under said acts in the Lagrange precinct in August, 1881, and appellees, Clore, Goodhur and Brener, wrongfully and without warrant claiming to have been elected commissioners under said acts in the Westport precinct in February, 1882, are assuming wrongfully and illegally to act as such, and have directed and caused the property of appellants to be valued and assessed, and threaten to seize upon and sell same, and are also threatening and about to issue and sell the bonds of said precincts and to seize and sell the property of appellants to raise a fund to pay the bonds. They further allege that appellees have not been duly elected commissioners under said acts and are not the commissioners therein mentioned, and not authorized thereby to assess and collect the taxes aforesaid and issue the bonds aforesaid; and that the notices of the election required by said acts have not been given subsequent to February, 1881; and that said acts have never been ratified by the duly qualified voters of said precincts, and that appellees are not authorized by law to assess the property of appellants nor issue said bonds, and injunction is prayed for.

Appellees in their answer deny all of the allegations of the petition affecting the legality of their election as commissioners, and of the vote taken in said precincts under said acts, and allege that at an election duly held under the provisions of said acts in the LaGrange precinct on the first Monday in August, 1881, and at one held in the Westport precinct on the first Monday in February, 1882,

the acts aforesaid were ratified by the legally qualified voters of said precincts and the tax therein mentioned ordered to be levied and collected, all of which they say will appear from the order of record in the Oldham County Court; and that appellees were at said election chosen turnpike commissioners for said precincts respectively, and have duly qualified and accepted said offices. Accompanying the answer are attached copies by the clerk of the county court of certificates of the board authorized to compare the poll books, as required by said acts of said precincts, from which it appears that a majority of the votes polled in each were cast in favor of the turnpike tax, and appellees received a majority of the votes cast in the election for turnpike commissioners.

Appellants, the plaintiffs in the action, declining to plead farther, and the action being submitted upon the petition, answer and exhibits referred to, judgment was rendered dismissing the petition, a demurrer to both the petition and answer having been previously overruled. As appellants failed to file a reply denying the affirmative allegations of the appellees, they must be taken as true, and from the answer and exhibits filed it appears that at regular elections held in each precinct as required by the acts, a majority of the votes were cast in favor of the imposition of the tax for the construction of turnpike roads as provided by the acts, and that appellees were duly chosen as the turnpike commissioners of the precincts respectively, and qualified as required by the acts and accepted the offices.

Objection is made that the acts were not ratified by a majority of the voters in each precinct at the same election, the one being held in the LaGrange precinct in August, 1881, and that in the Westport precinct in February, 1882. The act approved May 5, 1880, amendatory to the original act, authorizes and compels the county judge of Oldham county to call an election to be held on the 1st Monday in August, 1880, and the 1st Monday in February, 1881, and on the first Monday in February and August each year for five years, or until said tax is ordered. Under the amendment the tax having been ordered by the voters of the LaGrange precinct but not by those of the Westport precinct at the August election, 1881, it was not a violation of the provisions of the law to hold another election in the latter precinct in February, 1882, but seems rather to have been intended by the legislature.

The only question left is as to the constitutionality of the several acts. With the wisdom and policy of the law this court has nothing to do. The legislature by the three several acts authorized the imposition of the tax for the purposes stated therein, upon the condition of ratification by the voters of the two precincts, and the acts should be clearly in violation of the constitution to authorize us to so decide. The power of the legislature to impose taxes upon the people of counties and precincts for the construction of railroads and turnpikes, upon their ratification at the polls, has been too long recognized to be now disturbed.

An objection is made that the acts are invalid because the title is delusive. We do not consider this objection tenable. The acts and amendments relate to but one subject and that is the construction of turnpike roads in the two precincts of LaGrange and Westport in Oldham county, by a tax imposed upon the people thereof, and there is no other subject mentioned or provided for in the body of the act. The power given to the commissioners to remit taxes in cases of certain parties not able to pay them is the same possessed and constantly exercised by other county officers, and has not been heretofore regarded as a violation of the rule requiring equality and uniformity of taxation.

· The judgment is *affirmed*.

*Clore & French & Carroll*, for appellants.
*Robbins & McIntyre, W. S. Morris*, for appellees.